**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

HAROLD SHACOGNESSY SIMS                                                    PLAINTIFF

V.                                    NO: 3:10CV00166 SWW/HDY

JEARMIE SPARKS *et al.*                                                  DEFENDANTS

## ORDER

On July 26, 2010, Plaintiff filed a *pro se*[1] complaint (docket entry #1), pursuant to 42 U.S.C.

§ 1983.  However, the $350.00 filing fee was not paid, and Plaintiff did not file an application for

leave to proceed *in forma pauperis*.  Additionally, Plaintiff's complaint contains is too vague to

determine his precise claims against each of the Defendants.  Accordingly, if Plaintiff intends to

pursue this matter, he must submit, no later than 30 days after the entry of this order, the full $350.00

filing fee, or a properly completed application for leave to proceed *in forma pauperis*, along with a

calculation sheet and certificate signed by an authorized official.  Plaintiff must also submit, no later

than 30 days after the entry of this order, an amended complaint containing the information specified

in Section III of this order.  Plaintiff's failure to pay the filing fee or file an application for leave to

proceed *in forma pauperis*, or his failure to file an amended complaint as ordered, will result in the

recommended dismissal of his complaint.

---

[1]Plaintiff is notified of his responsibility to comply with the Local Rules of the Court,
including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to
promptly notify the Clerk and the other parties to the proceedings of any change in his or her address,
to monitor the progress of the case, and to prosecute or defend the action diligently. A party
appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and
telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to
within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se*
shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

## I.  Filing fee

Under the Prison Litigation Reform Act of 1995, a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00.  28 U.S.C. §1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).

**If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

So that the Court can determine how the $350.00 filing fee will be paid, Plaintiff is required to submit, within 30 days of this order's entry date, either the full statutory filing fee, or an application for leave to proceed *in forma pauperis*, along with a certificate and calculation sheet, prepared and executed by an authorized official at the incarcerating facility.  Based on this information, the Court will assess an initial partial filing fee if sufficient funds exist, and will also direct the future collection of monthly installment payments from Plaintiff's account until the filing fee is paid in full.  *Id*. 1915(b)(1) and (2).  However, no prisoner will be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." *Id*. 1915(b)(4).

## II.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 1974.  Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well.  *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008).  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## III.  Plaintiff's Claims

In his complaint, Plaintiff appears to advance claims regarding the conditions of the Craighead County Detention Facility, but his allegations are too vague to determine whether he states

a claim for relief against each of the Defendants.  Accordingly, if Plaintiff wishes to pursue this matter, he must submit, no later than 30 days after the entry of this order, an amended complaint which contains a short statement describing the constitutional violations he is alleging, the role each Defendant had in the alleged constitutional violations, and the harm he sustained because of the violations.  Where applicable, Plaintiff should provide dates and times.  Plaintiff's failure to file such an amended complaint will result in the recommended dismissal of his complaint.

### IV.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      The Clerk is directed to forward an *in forma pauperis* application, certificate, and calculation sheet, to Plaintiff.

2.      Plaintiff must submit, no later than 30 days after the entry of this order, either the $350.00 statutory filing fee, or complete and sign the *in forma pauperis* application, and file it, along with the completed certificate and calculation sheet.  Plaintiff's failure to do so will result in the recommended dismissal of his claims.

3.      No later than 30 days after the entry of this order, Plaintiff must file an amended complaint setting forth the information specified in Section III of this order.  Plaintiff's failure to do so will result in the recommended dismissal of his complaint.

4.      Service is not appropriate at this time.

DATED this   30   day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE